IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VIRGILIO PENALOZA GOMEZ,          :
                                  :
       Plaintiff                  :
                                  :    CIVIL NO. 1:CV-05-0889
       vs.                        :
                                  :    (Judge Caldwell)
K. SCHNIEDER, ET AL.,             :
                                  :
       Defendants                 :


*M E M O R A N D U M*

I.    *Background.*

         Virgilio Penaloza Gomez, a federal inmate currently
housed at the Lewisburg United States Penitentiary ("USP-
Lewisburg"), Lewisburg, Pennsylvania, filed this civil rights
action on May 2, 2005.  (Doc. 1).  On May 9, 2005, Petitioner
filed fifty-one pages of exhibits in support of the complaint.
(Doc. 6).  He proceeds pro se and seeks in forma pauperis status.
Named as defendants are K. Schnieder, J. Menne and Ms. Tito.
(Doc. 1).

         The case is presently before the Court for preliminary
review pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons
set forth below, Plaintiff will be required to file an amended
complaint within twenty days of the date of this Order or his
complaint will be dismissed for failure to state a claim and for

failure comply with Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8.

II.    *Discussion.*

Since the filing of the original 23 page complaint, Plaintiff has filed fifty-one additional pages of exhibits in support which, liberally construed, appears to be an attempt on his part to amend his complaint to clarify his original claims and/or assert additional ones.[1]  However, based on a careful review of Plaintiff's complaint and the recently submitted exhibits in support of his complaint, neither can be said to constitute an acceptable complaint under Fed. R. Civ. P. 8.  Rule 8(a) requires that a plaintiff provide a "short and plain statement" of his claims.  As the word "Rule" implies, Rule 8 is not merely aspirational; if a complaint does not comply with the Rule, it may be stricken.  *See Nagel v. Pocono Med. Ctr.,* 168 F.R.D. 22, 23 (M.D.Pa. 1996) (citing *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995)).

---

[1]Fed. R. Civ. P. 15(a) provides in part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."  The complaint has not been served and therefore no answer has been filed, leaving Plaintiff free to amend his complaint without leave of court.

The instant complaint is over twenty-three pages long (not including the supplemental filing of fifty-one pages of exhibits), and contains many long paragraphs, difficult to follow and which span many pages.  Construing these documents very liberally, the Court is uncertain as to whether it has identified all of the claims Gomez seeks to bring in this action.[2] Furthermore, after careful review of the complaint, and supplemental exhibits, the alleged actions, or involvement, of each defendant in each of the alleged violations is still unclear.  In its present state, it would be difficult, if not impossible, to attempt to (1) define all the claims raised by Gomez; (2) delineate which defendants are alleged to be involved with each claim; and (3) establish the facts upon which Gomez relies to support each claim.[3]

---

[2]Gomez's complaint, although filed on the Middle District's civil rights complaint form, digresses with his attachments of numerous pages of unnumbered, and often rambling, paragraphs which span multiple pages.  Liberally construing Gomez's complaint and supplemental exhibits, the Court can discern claims related to an August 4, 2004, use-of-force event; a challenge to the loss of good time credit as a result of Plaintiff's having been found guilty of refusing to obey an order on the same date; and allegations of human sacrifice and satanic rituals occurring at USP-Lewisburg. (*See* Docs. 1 and 7).

[3]  In order to assert an actionable civil rights claim, Plaintiff must allege that a named person has deprived him of a federal right, and that this person acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Furthermore, "[a] defendant in a civil rights action must have personal involvement
(continued...)

Thus, based on the foregoing, and in the interests of justice to this *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Gomez will be granted twenty days to submit an amended complaint which satisfies the requirements of Rules 8. The amended complaint shall set forth each claim separately and name only the defendants in each claim that Plaintiff seeks to hold liable on that claim.  The allegations that support each claim shall also be set forth in separate, numbered sentences, rather than in one long, unbroken paragraph.

Gomez is also advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).  This means that the amended complaint takes the place of the original complaint and that none of the allegations of the original complaint can be relied upon. Gomez's failure to file an appropriate amended complaint will result in the dismissal of his action without prejudice.

---

[3](...continued)
in the alleged wrongs . . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  Liability cannot be imposed on a defendant in a § 1983 claim based on a *respondent superior* theory.  *Id.*

An appropriate Order is attached.[4]


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date:  May 25, 2005

---

[4]   Two copies of this court's form civil rights complaint are attached to this Memorandum and Order, which Plaintiff should use in preparing his amended complaint.

```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


    VIRGILIO PENALOZA GOMEZ,          :
                                      :
         Plaintiff                    :
                                      :   CIVIL NO. 1:CV-05-0889
         vs.                          :
                                      :   (Judge Caldwell)
    K. SCHNIEDER, ET AL.,             :
                                      :
         Defendants                   :
```

*O R D E R*

AND NOW, this 25th day of May, 2005, for the reasons set forth in the accompanying Memorandum, it is ORDERED that:

1. The motion to proceed *in forma pauperis* (Doc. 2) is construed as a motion to proceed without full prepayment of fees and costs and the motion is GRANTED.

2. Within twenty (20) days of the date of this Order, Gomez may file an amended complaint in accord with Federal Rule of Civil Procedure 8(a).

3. The Clerk of Court is directed to send Gomez two (2) copies of this court's form civil-rights complaint which Plaintiff should use in preparing his amended complaint.

4. Failure to submit such an amended complaint will result in the dismissal of Gomez's complaint, without prejudice.

/s/William W. Caldwell
William W. Caldwell
United States District Judge